UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH M. HINES, #72332                                                    PETITIONER

VS.                                              CIVIL ACTION NO. 3:14-cv-991-CWR-FKB

RAYMOND BYRD                                                               RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the petition of Kenneth M. Hines for habeas corpus

relief filed pursuant to 28 U.S.C. § 2254.  At the outset, the Court notes that its review of Hines's

conviction is circumscribed.   In other words, federal courts do not sit as "super" state supreme

courts in habeas corpus proceedings to review errors under state law.   *Dickerson v. Guste*, 932

F.2d 1142, 1145 (5th Cir. 1991).   Instead, "[a] state prisoner is entitled to relief under 28 U.S.C.

§ 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the

United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).   Guided

by these fundamental principles, the Court has considered Hines's petition, the Respondent's

answer, and all related filings.  For the reasons that follow, the undersigned recommends that the

petition be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

Hines is currently in the custody of the Mississippi Department of Corrections ("MDOC")

after he was convicted of one (1) count of statutory rape in violation of Miss. Code Ann. § 97-3-

65(1)(b), and one (1) count of sexual battery of a child in violation of Miss. Code Ann. § 97-3-

95(1)(d), as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 in Cause No. 11-CR-

0057-NS-C in the Circuit Court of Neshoba County, Mississippi.  [12-1] at 9, 30.  In a judgment

entered on March 21, 2012, the trial court sentenced Hines to serve a term of life imprisonment, without the possibility of parole, on each count of the indictment, with the sentences to run consecutively. *Id.* at 31.

Represented by his trial counsel, Hines appealed his conviction and sentence, raising several grounds for relief, quoted as follows:

1.    The indictment was insufficient to give notice to the Defendant as to the date of the alleged crimes occurred inasmuch as each count alleged a single act of abuse that occurred on a single day in a four year period.[1]

2.    The indictment was defective in that it charged Kenneth Hines with an offense that occurred during a four year period and in the first two years of that period, the offense had a statute of limitation of two years.

3.    The evidence was insufficient to support the verdict. Alternatively, the verdicts were not supported by the overwhelming weight of the evidence.

4.    The prosecution erred in arguing during closing that the defense attorney's only purpose is to obtain a not guilty verdict for his client.

[12-4] at 45. The Mississippi Court of Appeals considered the appeal and affirmed Hines's conviction and sentence on December 3, 2013. *Hines v. State*, 126 So.3d 985 (Miss. Ct. App. 2013); [10-1].

In its decision, the Court of Appeals concluded that the trial court constructively amended Hines's indictment when it granted two of his jury instructions that limited the time span for the commission of the crimes to between May 2003 and August 2004. *Hines*, 126 So. 3d at 987. Thus, the appellate court concluded that the time frame was not "unreasonably large so as to prevent" him from defending himself. *Id.* Turning to the statute of limitations issue, the appellate court observed that Hines had failed to lodge a timely objection to the indictment,

---

[1] The indictment, dated May 2, 2011, charged that the crimes occurred between 2000 and 2004. [12-1] at 9.

therefore the issue was procedurally barred from review. *Id.* at 988 (citing Miss. Code Ann. § 99-7-21). Even so, the Court of Appeals concluded that the appropriate remedy would have been for the trial court to amend the indictment, which effectively occurred when Hines's counsel offered the jury instructions limiting the time frame for the crimes. *Id.* Although there was a lack of physical evidence supporting the State's case, the appellate court determined that Hines's sufficiency and weight of the evidence arguments were without merit. The court found that the jury was the "'final arbiter of a witness's credibility,'" and, as such, the jury must have found that the state's witnesses were more credible than the defense's witnesses. *Id.* at 989 (quoting *Collins v. State*, 97 So. 3d 1247, 1251 (Miss. Ct. App. 2012)). Finally, the Court of Appeals determined that its review of a remark made by the prosecution in closing argument was barred by the contemporaneous objection rule. *Id.* Neither Hines nor his retained counsel filed a motion for rehearing, or, consequently, a petition for writ of *certiorari* before the Mississippi Supreme Court.[2]

Thereafter, Hines pursued post-conviction relief by filing an "Application for Leave to Proceed in the Trial Court with Motion to Vacate Conviction" in Cause No. 2014-M-1806. [12-6] at 4. In his petition, dated December 17, 2014, Hines raised several grounds, quoted as follows:

1. The indictment did not give sufficient notice of when the alleged crimes were committed and/or returned outside the statute of limitations. *See* U.S. Const. Amend. V, XIV.

2. The evidence is against [sic] insufficient to support the verdict and/or the verdict is against the overwhelming weight of the evidence. *See* U.S. Const. Amend. V, XIV.

3. The Prosecutor violated Petitioner's Fourteenth Amendment Right to a fair trial by

---

[2] Hines's retained counsel's failure to successfully file a motion for rehearing formed part of the subject of his bar complaint against the attorney that Hines filed on February 12, 2014. [12-6] at 47. The Mississippi Bar later issued an informal admonition to the attorney based upon Hines's complaint. [14-3].

making prejudicial arguments to the jury.  *See* U.S. Const. Amend. V, XIV.

4. Trial Court's imposition of habitual offender sentence was plain error.  *See* U.S. Const. Amend. V, VIII, XIV.

5. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel during trial and appeal.  *See* U.S. Const. Amend. VI, XIV.

[12-6] at 10.

After considering the application, the Mississippi Supreme Court issued a two-page order denying relief on February 26, 2015.  [10-2].  The court found that Hines's first two grounds were raised and rejected on direct appeal, therefore review was barred by *res judicata.  Id.*  The court found that his third and fourth grounds lacked an "arguable basis."  *Id.*  Finally, the court found that Hines's claims of ineffective assistance of counsel failed to meet the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

On December 17, 2014, the same day he filed his state motion for post-conviction relief, Hines filed his petition for habeas corpus relief in this Court.[3]  In his petition [1] and an amendment [4], Hines raises the following grounds for relief:

1. Ground One:  The indictment did not give sufficient notice of when the alleged crimes were committed and violated the statute of limitations.

2. Ground Two:  The verdict is against the overwhelming weight of the evidence/insufficient to support the verdict.

3. Ground Three: The prosecutor violated petitioner's Fourteenth Amendment right to a fair trial by making prejudicial arguments to the jury.

4. Ground Four:  The trial court's imposition of habitual offender sentence was plain error.

---

3 For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a "mailbox rule" applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered

5.  Ground Five:  Ineffective assistance of counsel at trial and on appeal.

The State has filed a response, along with the record. [10], [12].  In its response, the State

submits that Hines has exhausted his state court remedies as to all of his claims.  [10] at 6.

Petitioner has filed a Traverse [14], in which he adopts the arguments presented at his motion for

post-conviction relief and a proposed motion for rehearing authored by his counsel.  [14-1]; [14-

2].  This matter is now before the Court.

## II.  DISCUSSION

Hines's claims for relief are governed by the standards set forth in 28 U.S.C. § 2254(d).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), §

2254(d) provides:

> (d)      An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim–
>
> > (1)      resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)      resulted in a decision that was based on an
> > unreasonable determination of the facts in light
> > of the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d).

The phrase "contrary to. . .clearly established Federal law," under Section 2254(d)(1),

means the state court either "applie[d] a rule that contradicts the governing law set forth in our

---

the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting *Williams,* 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

In reviewing the state court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state

court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786.  According to the Supreme Court, this inquiry is the "'only question that matters under § 2254(d)(1).'"  *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable."  *Id.*

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Sawyer v. Butler*, 848 F.2d 582, 594 (5th Cir. 1988).  Perceived improprieties do not warrant habeas corpus relief. *Turner v. Johnson*, 106 F.3d 1178, 1188 (5th Cir. 1997).

With these tenets in mind, the Court concludes that Hines is not entitled to habeas relief. Hines has pointed to no controlling authority to which the decision in his case runs contrary. Nor has Hines demonstrated that the decision in his case was unreasonable in light of the evidence presented. The Court now turns to discuss the grounds for relief presented by Hines.

A. <u>Ground One:   Did the indictment give sufficient notice of when the alleged crimes were committed, and did it violate the statute of limitations?</u>

In his first ground for relief, Hines challenges the sufficiency of the indictment.[4]  Hines presents his ground in two parts:  (1) he asserts that the statute of limitations for Miss. Code Ann. § 97-3-95(c) (sexual battery) was seven years, which had run by the time he was indicted in May 2011; and (2) the time frame alleged in the indictment, between 2000 and 2004, did not give him sufficient notice of when the crimes were committed.  The Mississippi Court of Appeals considered these arguments on direct appeal, with the exception of Hines's contention that a seven-year statute of limitations applies.  Hines raised that issue before the Mississippi Supreme Court in his *pro se* motion for post-conviction relief.  In his direct appeal, the Mississippi Court of Appeals found that, based on legislative history, the crime of sexual battery was excepted from the two-year general statute of limitations for crimes; that the issue was procedurally barred due to a lack of objection to the indictment under Mississippi Code Annotated § 99-7-21; and that the indictment's time frame was effectively amended by his jury instructions.  *Hines*, 126 So. 3d at 985.  The Mississippi Supreme Court found that his arguments regarding a defective indictment, including a statute of limitations issue, were barred by res judicata.  [10-2] at 1.

"The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).  Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue.  *Millard v. Lynaugh,* 810 F.2d 1403 (5th Cir.), *cert. denied,* 484 U.S. 838 (1987); *Alexander v. McCotter,*

---

[4] As explained *infra*, Hines raised the basic form of the arguments presented in Grounds One and Two in the direct appeal of his criminal conviction.  After the Mississippi Court of Appeals affirmed Hines's conviction, his retained counsel failed to file a motion for hearing and, consequently, no petition for writ of *certiorari* was filed before the Mississippi Supreme Court.  Under these circumstances, the Court would normally find habeas review of these claims is barred because Hines failed to exhaust state court remedies.  *See Myles v. Kelly,* 2010 WL 2696781, *3 (S.D. Miss. May 14, 2010) (citing *O'Sullivan v. Boerkel,* 526 U.S. 838, 844-845 (1999)).  However, because the

775 F.2d 595 (5th Cir. 1985).

The indictment in Cause No. 11-CR-0057-NS-C appears in the record at [12-1] at 9-10. The Mississippi Court of Appeals considered Hines's claims and found no basis to grant relief. *Hines,* 126 So. 3d at 987-989. Likewise, the undersigned finds no basis to disturb that ruling. Because the highest state courts to review the conviction have held that the indictment was sufficient, Hines is not entitled to federal habeas relief on this claim.[5] *Id.* Because the indictment is sufficient under state law, it does not form the basis for habeas relief.

B. Ground Two: Is the evidence insufficient to support the verdict and/or is the verdict against the overwhelming weight of the evidence?

Through counsel, Hines raised this ground in the direct appeal of his conviction and argued that "no reasonable, fair-minded, and properly instructed juror could find" him guilty of the charges. [12-4] at 64. The Mississippi Court of Appeals analyzed this issue and concluded that, as "'the jury is the final arbiter of a witness's credibility,'" it is "evident" that the "jury found that the testimony of the State's witnesses" was "more credible than that of the defense's witnesses," and, therefore, concluded that the verdicts should be upheld. *Hines*, 126 So. 3d at 989.

A federal court's standard of review "for an insufficient evidence claim in a federal habeas corpus proceeding is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

State has expressly waived the exhaustion requirement, *see* [10] at 6, the undersigned will review the merits of Grounds One and Two. *See* 28 U.S.C. § 2254(b)(2)-(3) (1996).
[5] The undersigned has also reviewed the statutes cited by Petitioner and cannot find that a seven-year statute of limitations was in effect for the crime of sexual battery of a child under the age of fourteen years during the relevant time period of 2000 to 2004. *See also Allen v. State,* 960 So. 2d 489, 493 (Miss. Ct. App. 2006)(finding that prosecution of sexual battery of a child under the age of fourteen years pursuant to Miss. Code Ann. § 97-3-95 that

beyond a reasonable doubt.'" *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  When applying this standard, a "federal habeas court refers to the state's criminal law for the substantive elements of the offense."  *Id.*  One must remember that "'[o]nly *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof.'" *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992)(quoting *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990)).  Moreover, under *Jackson*, the federal court may find the evidence "sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence.'" *Id.* (quoting *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991)).  *Jackson* also "unambiguously instructs that a reviewing court, 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos v. Smith,* 132 S.Ct. 2, 6 (2011) (citing *Jackson,* 443 U.S. at 326).

In this case, the jury found Hines guilty of one count of statutory rape under Mississippi Code Annotated § 97-3-65(1)(b), which provides that the "crime of statutory rape is committed when [a] person of any age has sexual intercourse with a child who: (i) is under the age of fourteen years; (ii) is twenty-four (24) or more months younger than the person; and (iii) is not the person's spouse."  The jury also found Hines guilty of one count of sexual battery under Mississippi Code Annotated § 97-3-95(1)(d), which provides that a "person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of fourteen (14)

---

occurred in 2000 was excepted from the two-year general criminal statute of limitations in Miss. Code Ann. § 99-1-5).

years of age, if the person is twenty-four (24) or more months older than the child."

Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of these charges beyond a reasonable doubt, despite conflicting inferences. The victims, a sister and brother, testified to the essential elements of both charges. The sister and brother testified in detail that Hines, to whom the children looked as a father figure, committed these crimes against them on one day during the relevant time period when they visited him at the home of his sister when they were approximately six and eight years old, respectively. [12-2] at 135-149; [12-3] at 3-56.

The prosecution also presented testimony by the victims' mother, who was formerly in a relationship with Hines, and the lead investigator for the Neshoba County Sheriff's Department. [12-2] at 94-134; [12-3] at 57-63. The mother's testimony placed the children at the location of the crimes during the relevant time period. The investigator testified that he interviewed the victims and their mother, arranged for them to be interviewed by a counselor, and confirmed that the victims' statements to him and the counselor were consistent.

The defense presented the testimony of three witnesses: Hines's sister, with whom he lived at the time of the alleged crimes; Hines's minor nephew, the son of his sister; and the former husband of Hines's sister, to whom she was married at the time of the crimes. In sum, the defense witnesses testified that they knew nothing about the incidents, and that the victims did not visit in the home during the relevant time period. [12-3] at 67-92.

The jury considered the evidence and found it sufficient to convict Hines on both charges. At this juncture, when presented with conflicting testimony in the record, we must presume that "the trier of fact resolved any such conflicts in favor of the prosecution, and must

11

defer to that resolution." *Cavazos*, 132 S. Ct. at 6.  Given these facts and the governing law,

sufficient evidence existed to support the convictions.  Likewise, Hines's argument that the

verdict was against the weight of the evidence does not state a cognizable claim for habeas relief.

*See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985); *Thompson v. Holman*, 2013 WL

435972 (S.D. Miss. Jan. 16, 2013)(Civil Action No. 4:09cv135-DPJ-FKB).

In addition, Hines posits an argument that the prosecution violated *Brady v. Maryland*,

373 U.S. 83 (1963), by failing to disclose evidence favorable to him to the jury.  He argues that

the prosecution failed to present to the jury health reports of the victims, testimony of counselors

of the victims, and other investigative reports that, in his estimation, would have exonerated him.

[14-1] at 4.  He reasons that because this evidence was withheld from the jury, it must be

inferred that the evidence would have been material and favorable to him.  *Id.*

*Brady* held that "the suppression by the prosecution of evidence favorable to an accused

upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution."  *Brady*, 373 U.S. at 87.  "A

criminal defendant may establish a *Brady* violation, affecting his constitutional right to due

process, by showing the prosecution suppressed favorable evidence, *including impeachment*

*evidence, material* to his guilt."  *Martin v. Cain*, 246 F.3d 471, 476-477 (5th Cir. 2001)(emphasis

in original).  Nevertheless, although *pro se* habeas petitions must be construed liberally, "mere

conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United*

*States v. Woods,* 870 F.2d 285, 288 n. 3 (5th Cir. 1989).

In this instance, Hines offers nothing more than conjecture in support of his argument

that the prosecution withheld evidence favorable to his defense.  He simply surmises that

because this purported evidence was not presented to the jury, it must have been favorable to him, and this alleged act by the prosecution, in turn, violated *Brady*.  Hines misreads the protections of *Brady*.  *Brady* does not mandate the production of exculpatory evidence from the prosecution directly to the jury.  Instead, it requires that the prosecution make exculpatory evidence available to the defense.  Nothing in the record suggests that Hines's counsel was unaware of this purported evidence.  To the contrary, his counsel chose not to call as a witness the counselor who had interviewed the children, even after the State elected not to present her testimony.  [12-3] at 56.  Moreover, citing the potential for mistrial, his counsel successfully argued against the introduction of evidence of other unindicted offenses by Hines, which were part of a victim's statement to the investigator, and which Hines now argues would demonstrate impeachable inconsistencies in the victims' versions of the crimes.  *Id.* at 34-46.  Accordingly, the Mississippi Supreme Court's decision on all of these issues was not contrary to, nor an unreasonable application of, clearly established federal law.  These arguments do not provide the basis for habeas relief.

C.  Did the prosecutor violate Hines's Fourteenth Amendment right to a fair trial by making prejudicial arguments to the jury?

Hines asserts that the prosecutor violated his constitutional rights by making prejudicial arguments to the jury during closing arguments.  He argues that the prosecutor asserted that the defense was fabricated, from which the jury could have inferred that the defense witnesses presented perjurious testimony. He asserts that the prosecutor unreasonably bolstered the testimony by the victims by characterizing their testimony as "unshakable."  He argues that the prosecution said that it was the jurors' duty to find him guilty.  And, finally, he asserts that the

prosecutor expressed his personal belief that Hines was guilty.

The State responds that Hines's counsel failed to make a contemporaneous objection to any of these remarks. The State notes that in Hines's direct appeal, the Mississippi Court of Appeals found that because Hines failed to make a contemporaneous objection to another prosecutorial remark in closing, not raised here, he had waived the issue. *Hines*, 126 So.3d at 989-990. The State asserts that when the Mississippi Supreme Court found that these issues lacked an arguable basis as raised in Hines's motion for post-conviction relief, the court could have likely based its decision on Hines's failure to make a contemporaneous objection.

As stated previously, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786.

After considering the issue, the undersigned concludes that federal habeas review of these grounds is barred because Hines failed to present these issues to the trial court in the form of a contemporaneous objection. *See Day v. King*, 2006 WL 2541600, *4 (S.D. Miss. Aug. 31, 2006)(citing *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992)(finding that Mississippi state courts regularly and consistently bar review based on contemporaneous objection rule). Furthermore, the Fifth Circuit has held that Section 99-39-21(1)[6] is an independent state

---

[6] Mississippi Code Ann. § 99-39-21(1) provides that:
    Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact

14

procedural bar.  *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).  Accordingly, federal

habeas review of these arguments is foreclosed.

Additionally, Petitioner has shown neither cause (such as an external impediment)[7] for

this default, nor prejudice that would result in the court's dismissal of these claims on procedural

grounds. *United States v. Flores,* 981 F.2d 231 (5th Cir.1993). Neither has the petitioner argued

that dismissal of these claims on procedural grounds would lead to a fundamental miscarriage of

justice--an exception confined to cases of actual innocence, "where the petitioner shows, as a

factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d

635, 644 (5th Cir.1999). Accordingly, these claims should be dismissed.

Alternatively, even when considered on the merits, the Court finds that these remarks do

not form a basis for habeas relief.  Prosecutorial misconduct warrants federal habeas corpus

relief only if the conduct is so prejudicial that it renders the trial fundamentally unfair within the

meaning of the Due Process Clause of the Fourteenth Amendment.  *Darden v. Wainwright*, 477

U.S. 168 (1986).  *Darden* states that

> it "is not enough that the prosecutors' remarks were undesirable or even
> universally condemned."  The relevant question is whether the prosecutors'
> comments "so infected the trial with unfairness as to make the resulting
> conviction a denial of due process."  Moreover, the appropriate standard of
> review for such a claim on writ of habeas corpus is "the narrow one of due
> process, and not the broad exercise of supervisory power."

*Id.* at 181 (citations omitted).  The Court must consider that "the remark 'is but one of several

---

or law which were capable of determination at trial and/or on direct appeal, regardless of whether
such are based on the laws and the Constitution of the state of Mississippi or of the United States,
shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a
showing of cause and actual prejudice grant relief from the waiver.

[7] Hines has not presented his counsel's failure to object to these various remarks by the prosecutor as an independent
basis for claims of ineffective assistance of counsel.  Accordingly, these arguments cannot form the basis for "cause"
for Hines's procedural default.  *See Edwards v. Carpenter*, 529 U.S. 445, 452 (2000)(quoting *Murray v. Carrier*,
477 U.S. 478, 489 (1986)("'[A] claim for ineffective assistance,' we said, generally must 'be presented to the state

components of the trial which may result in the judgment of conviction.'" *Simmons v. Epps*,

2008 WL 4446615, *54 (S.D. Miss. Sept. 26, 2008)(Ozerden, J.)(quoting *Donnelly v.

DeChristoforo*, 416 U.S. 637, 645 (1974)).  This Court is also required to "look at the entire

record to determine the impact of the prosecutor's allegedly prejudicial statements." *Simmons*,

2008 WL 4446615 at *55.  Furthermore, the Court must consider what effect the prosecutor's

remarks "'would have on the jury's ability to judge the evidence fairly.'" *Id.* (quoting *United

States v. Young*, 470 U.S. 1, 12 (1985)).  The remarks must have been so prejudicial and the

evidence so insubstantial that they rendered the trial fundamentally unfair. *Hughes v.

Quarterman,* 530 F.3d 336, 347 (5th Cir. 2008).  It must be shown that "'but for the remarks no

conviction would have occurred.'" *Id.* (quoting *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir.

2002)).

          Under these standards, the prosecutor's remarks did not "so infect the trial with

unfairness as to make the resulting conviction a denial of due process," especially when viewed

in the context of the entire trial. *Darden*, 477 U.S. at 181. Further, the prosecutor in closing

argument is not "prohibited from 'reci[ting] to the jury those inferences and conclusions he

wishes [the jury] to draw from the evidence so long as those inferences are grounded upon

evidence.'" *United States v.* Munoz, 150 F.3d 401, 414 (5th Cir. 1998)(quoting *United States v.*

Washington, 44 F.3d 1271, 1278 (5th Cir.), *cert. denied,* 514 U.S. 1132 (1995)).  The

undersigned finds that these remarks did not deny Hines's right to due process.  Accordingly, the

Mississippi Supreme Court's decision on these issues was not contrary to, nor an unreasonable

application of, clearly established federal law, and these arguments do not provide the basis for

---

courts as an independent claim before it may be used to establish cause for a procedural default.'").

habeas relief.

   D. Did the trial court commit plain error when it sentenced Hines as a habitual
      offender?

Hines argues that the prosecutor failed to introduce into evidence the certified copies of judgments substantiating his prior convictions.  He also argues that, contrary to *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), his confrontation rights were violated because the State entered testimonial evidence regarding his prior convictions without a witness who could undergo cross-examination.  [14-1] at 13.  The Mississippi Supreme Court reviewed this ground as a part of Hines's motion for post-conviction relief and found it to "lack an arguable basis." [10-2] at 1.

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  Certified records of previous convictions are admissible under state law without the aid of a records custodian, and Hines's previous convictions were authenticated by the admission of certified records.  *See* [12-3] at 138-140; *see also Ficklin v. State*, 758 So. 2d 457, 462 (Miss. Ct. App. 2000)(finding that certified records providing proof of habitual offender status are admissible under state law without the testimony of a records custodian).  Furthermore, the Mississippi Supreme Court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  Contrary to Hines's assertions, *Bullcoming* is not applicable here. In this instance, Hines challenges the admission of certified records of previous convictions, whereas *Bullcoming* addressed the introduction into evidence of laboratory tests and analyses without the aid of the analyst who performed the scientific tests.  *See Bullcoming*, 131

17

S. Ct. at 2705.

These arguments do not form the basis for habeas relief.

E.   Ineffective Assistance of Counsel Claims

Hines has alleged several ineffective assistance of counsel claims against his trial counsel, who also handled his appeal.  Hines first argues that his counsel failed to provide effective assistance of counsel when he failed to impeach the witnesses with the statements they gave to law enforcement and counselors.  [14-1] at 15.  Hines asserts that his counsel failed to provide effective assistance of counsel when his counsel failed to furnish to him a copy of his file after his conviction and communicate with him during the appeals process.  *Id.* at 22.  Finally, Hines argues that his counsel failed to provide effective assistance of counsel when his counsel failed to utilize all avenues of the state appellate procedures, including when his counsel failed to file a motion for rehearing that he had drafted.  [4] at 2.

An ineffective assistance of counsel claim is analyzed under the two-prong test found in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The question for this Court is whether the state court's application of the *Strickland* standard was unreasonable.  *Mitchell v. Epps*, 641 F.3d 134, 141 (5th Cir. 2011).  To meet the *Strickland* standard, first, petitioner "must show that counsel's performance was deficient."  *Strickland,* 466 U.S. at 687.  If a petitioner can establish deficient performance by his attorney, then he must also demonstrate the second prong of *Strickland*, "that [his attorney's] deficient performance prejudiced [his] defense."  *Id.*

The standard of review of an attorney's performance is "highly deferential," considering only the facts and resources available to the petitioner's counsel at the time of trial.  *Id.* at 689; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994).  When

18

considering an ineffective assistance of counsel claim, the "court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Strickland*, 466 U.S. at 689.  When applying *Strickland* and section 2254(d), review

is "doubly deferential."  *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Harrington v.*

*Richter*, 131 S. Ct. 770, 788 (2011).  As stated in *Mitchell v. Epps*, 641 F.3d 134 (5th Cir. 2011),

> For the district court, "[t]he pivotal question [was] whether the state court's
> application of the *Strickland* standard was unreasonable.  This is different from
> asking whether defense counsel's performance fell below *Strickland*'s standard."
> *Harrington*[,131 S. Ct. at 785.]  "When § 2254(d) applies, the question is not
> whether counsel's actions were reasonable.  The question is whether there is any
> reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*
> at 788.  "A state court's determination that a claim lacks merit precludes federal
> habeas relief so long as fairminded jurists could disagree on the correctness of the
> state court's decision."  *Id.* at 786.

*Mitchell,* 641 F.3d at 141(alternations, except citation alteration, in original)(citation omitted).

With this high standard of deference in mind, the court turns to evaluate Hines's claims that his

trial and appellate counsel was ineffective.

1.  <u>Was his counsel ineffective when he failed to impeach the witnesses with the statements
    they gave to law enforcement and counselors?</u>

Hines argues that his trial counsel was ineffective for failing to impeach the victims with

what he considers to be contradictory statements that were taken from them during the

investigation of the crimes.  During the course of the investigation, the victims gave statements

detailing their accusations against Hines to a counselor and to an investigator with the Neshoba

County Sheriff's Department.  Hines points to one particular instance at trial where he argues

that his counsel was ineffective for failing to introduce for impeachment purposes a statement

obtained from one victim that also provided allegations against Hines for unindicted offenses.

19

*See* [12-3] at 34-46.

A "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Richards v. Quarterman,* 566 F.3d 553, 564 (5th Cir. 2009) (internal quotations and citations omitted).  In this case, Hines's desire to impeach the victim with allegedly contradictory statements given to law enforcement was directly contrary to the trial strategy pursued by defense counsel.  On the record, his trial counsel argued against the introduction of a statement due to the unindicted conduct alleged, which would arguably be the basis for a mistrial.  Moreover, the record shows that trial counsel thoroughly cross-examined the victims about their statements and their recollection of the events, as well as inconsistencies between their testimonies.  [12-3] at 5-19; 51-56.

The Mississippi Supreme Court reviewed this ground on the merits and concluded that the argument did not meet the *Strickland* prongs.  Because the undersigned finds that counsel's strategy was not "ill chosen," the Court concludes that the Mississippi Supreme Court reasonably applied the *Strickland* standard.  Accordingly, this ground does not provide the basis for habeas relief.

2.  <u>Was counsel ineffective when he allegedly failed to furnish Hines a copy of his file after his conviction, communicate with him during the appeals process, and file a motion for rehearing after the denial of his direct appeal?</u>

Hines asserts that his counsel was ineffective when he failed to furnish Hines with a copy of his file, the appellate briefs, and a copy of the opinion denying his direct appeal, thereby preventing him from filing a pro se motion for rehearing.  Hines asserts that these failures

20

prevented him from satisfying the exhaustion doctrine under 28 U.S.C. § 2254. Finally, Hines complains that his counsel was ineffective when he failed to file a motion for rehearing, despite having drafted one.

While the Court does not condone counsel's actions or inactions, these claims fail because Hines had no constitutional right to counsel on discretionary review. *See Moore v. Cockrell,* 313 F.3d 880, 882 (5th Cir. 2002) (citing *Ross v. Moffitt,* 417 U.S. 600, 619 (1974)). And, since Hines "had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *See Wainwright v. Torna,* 455 U.S. 586, 587–88 (1982) (per curiam) (quoted in *Moore,* 313 F.3d at 882 n. 9). Moreover, his exhaustion argument is moot because the State waived that requirement. *See* [10] at 6; 28 U.S.C. § 2254(b)(2)-(3). Therefore, the Mississippi Supreme Court's rejection of these claims was not objectively unreasonable, and these claims fail to form a basis for habeas relief. *See Anderson v. King,* 2012 WL 6915257, at *5 (S.D. Miss. Dec. 5, 2012), *adopted,* 2013 WL 227967 (S.D. Miss. Jan. 18, 2013).

### III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, Hines's petition should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

21

RESPECTFULLY SUBMITTED, this the 30th day of January, 2018.

_____/s/  F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE